FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 17, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FERNANDO MAGANA-ECHEVERRIA,<br><br>Defendant. | No. 2:13-CR-06020-SAB-1<br><br>**ORDER DENYING MOTION FOR WRIT OF ERROR CORAM NOBIS** |

Before the Court is Defendant's Motion for Writ of Error Coram Nobis, ECF No. 113. Defendant is represented by Jennifer Barnes, Molly M. Winston, and Paul Shelton. The Government is represented by Benjamin D. Seal, Brian V. Hultgrenn, and Ian L. Garriques. The Motion was considered without oral argument.

On December 19, 2013, Defendant was sentenced to 36 months custody for one count of Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1). At the time of sentencing, Defendant had two prior qualifying state felony convictions, making it illegal for him to possess firearms. The first conviction, Second Degree Burglary, subjected Defendant to a potential statutory maximum sentence of ten years and the Washington State mandatory sentencing guidelines provided a sentencing range of three to eight months. Defendant was sentenced to three months. The second conviction, Attempting to Elude a Pursuing

**ORDER DENYING MOTION FOR WRIT OF ERROR CORAM NOBIS * 1**

Police Vehicle, subjected Defendant to a potential statutory maximum sentence of five years and the Washington State mandatory sentencing guidelines provided a sentencing range of two to six months. Defendant was sentenced to three months.

As both offenses were subject to statutory maximums exceeding one year, Defendant was a qualified felon at the time of sentencing in federal court in 2013.

In 2019, the Ninth Circuit held that Washington State's mandatory sentencing guidelines, not the statutory maximums, are what controls the analysis of what it means to have been previously convicted of "a crime punishable by a term of imprisonment exceeding one year." *United States v. Valencia-Mendoza*, 912 F.3d 1215, 1224 (9th Cir. 2019) (applied in the illegal reentry context). This same line of reasoning was later applied in the § 922(g)(1) context, and the Ninth Circuit held that, if a defendant's prior convictions did not expose him to a term of imprisonment exceeding one year, the defendant was not a felon and was therefore innocent of the offense of felon in possession of a firearm. *United States v. McAdory*, 935 F.3d 838, 840 (9th Cir. 2019).

In light of these decisions, Defendant requests the Court vacate his 2013 sentence, as neither of his prior convictions qualify as felonies. Defendant also requests the Court vacate the sentence in a related 2021 case, see Case No. 4:21-CR-06023-SAB-1, where Defendant was again convicted of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1), based upon his felony conviction in this matter. The request regarding Defendant's 2021 case is addressed in a separate order.

The writ of error coram nobis is an arcane form of relief that is rarely requested or granted. A district court's power to issue the writ derives from the All-Writs Act, 29 U.S. § 1651(a). *United States v. Morgan*, 346 U.S. 502, 506–07 (1954). The writ is available to vacate an unlawful conviction when a defendant is no longer in custody for a conviction and has completed all aspects of the sentence, including any term of supervised release. *Id*. at 511.

**ORDER DENYING MOTION FOR WRIT OF ERROR CORAM NOBIS * 2**

To qualify for coram nobis relief, a petitioner must establish that (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character. *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987). An error is of the most fundamental character if it would render the proceeding itself invalid. *Id*. It is presumed that the underlying proceedings were correct, and the petitioner has the burden of satisfying each element. *Morgan*, 346 U.S. at 512. Failure to meet any one of the requirements is grounds to deny the writ. *See Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002).

**1.    Availability of other remedies**

Defendant asserts there are no other remedies available to him at this point, as post-conviction relief motions, such as § 2255 motions, must be made while serving a custodial sentence. *United States v. Kwan*, 407 F.3d 1005, 1014 (9th Cir. 2005). Defendant completed his sentence before *Valencia-Mendoza* and *McAdory* decisions were decided and thus had no reason or opportunity to file a relevant § 2255 motion. Accordingly, this factor is satisfied.

**2.    Reasons for delay**

Defendant asserts the same as above – the change of law happened after his sentence was served. There is no limitations period for filing coram nobis petitions. *Kwan*, 407 F.3d at 1014.  He provides no reason as to why this motion was not brought earlier, as the relevant cases were decided in 2019 and it is now 2026. There were several prior opportunities to bring such a motion, as Defendant was in front of this Court for supervised release proceedings in 2024 and 2025.

Where petitioners could reasonably have asserted the basis for their coram nobis petition at an earlier time, and there is no valid justification for delay, the petition fails. *United States v. Kroytor*, 977 F.3d 957, 961 (9th Cir. 2020). Accordingly, Defendant fails to meet this factor.

**ORDER DENYING MOTION FOR WRIT OF ERROR CORAM NOBIS * 3**

**3.      Consequences of the conviction**

Defendant asserts that, without this conviction and related conviction in Case No. 4:21-CR-06023-SAB-1 on his record, he would no longer be considered a felon and would be able to petition to have his firearm rights reinstated by the State of Washington.

A request for coram nobis relief is moot only if it is shown there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction. *Hirabayashi*, 828 F.2d at 606. Any judgment of misconduct has consequences for which one may be legally or professionally accountable. *Holloway v. United States*, 393 F.2d 731, 733 (9th Cir. 1968). "Collateral consequences flow from any criminal conviction because once convicted, one remains forever subject to the prospect of harsher punishment for a subsequent offense as a result of federal and state laws that either already have been or may eventually be passed." *Wilson v. Terhune*, 319 F.3d 477, 479-80 (9th Cir. 2003).

As the convictions at issue qualify Defendant as a felon, he is exposed to harsher penalties in any future criminal proceedings against him, is unable to possess firearms, and is subjected to many other penalties that felons in this country are faced with. Accordingly, this factor is met.

**4.      Nature of the error**

Defendant asserts that, because he would not have been considered a felon at the time of his 2013 conviction under *Valencia-Mendoza* and *McAdory*, he would not have been convicted, and the error is thus fundamental.

The Government asserts the error is not fundamental, as a felony conviction that was not challenged, vacated, or undermined *before* a defendant's possession of a firearm can still serve as a predicate for a felon in possession charge under § 922(g)(1). *See Lewis v. United States*, 445 U.S. 55, 65 (1980).

//

**ORDER DENYING MOTION FOR WRIT OF ERROR CORAM NOBIS * 4**

When Defendant possessed a firearm in 2013, his prior burglary and eluding offenses were qualifying felony offenses under the controlling authority at that time, as he was exposed to statutory maximum sentences exceeding one year. An individual must challenge the validity of prior qualifying felony convictions prior to obtaining a firearm. *United States v. Padilla*, 387 F.3d 1087, 1091 (9th Cir. 2004). As Defendant had not challenged the validity of the two prior offenses before he possessed a firearm in 2013, and *Valencia-Mendoza* and *McAdory* include no language that retroactively applies their holdings to prior convictions, Defendant was a felon at the time of sentencing, and his conviction was not in error. Accordingly, Defendant fails to satisfy the final factor. Failure to meet any one of the factors is grounds to deny the writ. *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002).

Accordingly, **IT IS HEREBY ORDERED**:

1.      Defendant's Motion for Writ of Error Coram Nobis, ECF No. 113, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 17th day of June 2026.

_____
Stan Bastian
Chief United States District Judge

**ORDER DENYING MOTION FOR WRIT OF ERROR CORAM NOBIS * 5**